Andrew McClaiN, J.,
delivered the opinion of the Court.
It is insisted in this case, that there is error in the charge of the Court.
Thomas Prater left home and went into the army during the late war, and left a horse in the possession of his father, the plaintiff below, with directions as to what disposition should be made of the horse, in the event he never returned.
Plaintiff in error, it is alleged, with others, being mere strangers, wrongfully took this animal from the possession of the plaintiff below; and this suit is brought to recover damages for the wrongful taking of this horse, and one other horse, in reference to which, there seems to be no controversy as to title. There was a verdict and judgment in favor of plaintiff below, and the defendant has appealed to this Court.
It has been insisted in argument, that plaintiff below had a right to this horse as a donatio mortis causa, which is denied by the plaintiff in error.
In the view we have taken of this case, it is unnecessary to determine that question.
The Court charged the jury, that, notwithstanding, Thomas Prater, Jr., was dead when this suit was instituted, yet, if this horse had been left in the possession of plaintiff, and the defendant below, took, or assisted in the taking of the horse, that the plaintiff *567 below might maintain the action as bailee,, and that’the suit could not be brought in the name of the administrator of Thomas Prater, Jr.
It is, perhaps, not strictly correct, to say, that the suit might be maintained as bailee; for that relation would be dissolved on the death of Thomas Prater, Jr. But, notwithstanding this is so, we cannot perceive that there is error in these instructions to the jury, of which the plaintiff in error can complain.
The horse was taken before the death of Thomas Prater, Jr.
The defendant filed two pleas; one is the plea of not guilty; the other is a special plea, alleging the horse not to be the property of the plaintiff.
In an action of trespass de bonis asportatis, the plea of not guilty, does not put in issue the title of the plaintiff, but amounts only to a denial of having committed the trespass alleged: 1 Chitty on Pleadings, 519.
As to the other plea, it tendered an immaterial issue in this action. It should have alleged an independent right of some description in the defendant, or a right in some third person, with right derived by the defendant, from such third person: 7 Yer., 383.
An actual and exclusive possession is sufficient to enable the plaintiff to maintain the action against a mere stranger having no right. This principle is now too well settled to admit of discussion: Crimer vs. Pike, 2 Head, 398; Crawford & Smith vs. Bynum, 7 Yer., 381.
It matters not that Thomas Prater, Jr., was dead at the time the suit was commenced. The plaintiff *568 could bave maintained this action against a stranger, if Thomas Prater, Jr., had continued to live, and the relation of bailor and bailee had not existed; and his administrator, when appointed, would not be clothed with rights of a higher grade than his intestate had while living.
Let the judgment be affirmed.